### The United States vs. Samuel B. Stone.

Action in the District Court of the United States for the Southern District of New York, by the United States against the defendant, for a penalty under the act of 1838, "to provide for the better security of the lives of passengers on board of vessels propelled in whole or in part by steam." A verdict was rendered for the United States, and without a judgment on the verdict, the case was, by consent, removed to the Circuit Court of the United States. In the Circuit Court certain questions were presented on the argument, and a statement was made of those questions, and they were certified, pro forma, at the request of the counsel for the parties to the Supreme Court, for their decision. No difference of opinion was actually expressed by the judges of the Circuit Court. By the Court: "The judgment or other proceedings on the verdict ought to have been entered in the District Court; and it was altogether irregular to transfer the proceeding in that condition to the Circuit Court." The case was remanded to the Circuit Court.

In some cases, where the point arising is one of importance, the judges of the Circuit Court have sometimes, by consent, certified the point to the Supreme Court, as upon a division of opinion; when in truth they both rather seriously doubted, than differed about it. They must be cases sanctioned by the judgment of one of the judges of the Supreme Court, in his Circuit.

ON a certificate of division from the Circuit Court for the Southern District of New York.

An action of debt was instituted in the District Court for the Southern District of New York, by the United States against the defendant, as master of the steamboat New York, to recover the penalty of three hundred dollars imposed by the ninth section of the act of Congress, of the 7th of July, 1838, entitled, "An act for the better security of the lives of passengers on board vessels propelled in whole or in part by steam."

The cause was tried in the District Court, in June, 1839.

On the trial of the cause in the District Court, exceptions were taken by the counsel for the defendant to the decision of the Court, on questions of evidence which arose in the trial. Evidence was offered by the defendant, which was overruled by the Court; to which decisions, the counsel for the defendant also excepted.

The district judge charged the jury in favour of the plaintiffs, on a case agreed upon; but for the more full consideration of the questions in the cause, he recommended, with the consent of the counsel on both sides, that the jury should find a verdict for the plaintiffs, subject to the opinion of the Court, upon a case to be made; with leave to either party to turn the same into a bill of exceptions or special verdict. Upon which the jury found such verdict, accordingly.

No judgment was entered on the verdict; but by consent of the counsel in the cause, it was transferred to the Circuit Court, without any other proceedings in the District Court.

The record stated that on the argument of the cause, the Circuit Court were divided in opinion on questions presented on the argument of the counsel for the plaintiffs and the defendant; and at the

request of the counsel for the parties, they were ordered to be certified to the Supreme Court for their decision. This division of opinion was in fact made pro forma, and for the purpose of obtaining the opinion of the Supreme Court on the points certified.

For the United States, Mr. Gilpin, Attorney General; for Samuel B. Stone, Mr. Sullivan, who submitted a printed argument.

The case was not argued, it having been remanded to the Circuit Court.

Mr. Chief Justice TANEY delivered the opinion of the Court

The Court have examined the record in this case, and it is evident that in the form in which it comes before us, we have no jurisdiction.

The suit appears to have been brought in the District Court, and to have been carried on in that Court until a verdict was rendered. It was then by consent of counsel transferred to the Circuit Court, precisely in the state in which it then was; and a division of opinion then entered, pro forma, to send the case to this Court.

All of this appears on the record; and is exceedingly irregular. The suit was brought originally in the District Court, and the verdict rendered there. The judgment or other proceeding on that verdict, ought to have been entered there also; and it was altogether irregular to transfer the proceedings, in that condition, to the Circuit Court.

We are aware that in some cases, where the point arising is one of importance and difficulty, and it is desirable for the purposes of justice to obtain the opinion of this Court, the judges of the Circuit Court have sometimes, by consent, certified the point to this Court, as upon a division of opinion; when in truth they both rather seriously doubted than differed about it. We do not object to a practice of this description, when applied to proper cases, and on proper occasions. But they must be cases sanctioned by the judgment of one of the judges of this Court, in his circuit. A loose practice in this respect, might render this Court substantially a Court for the original decision of all causes of importance; when the Constitution and the laws intended to make it altogether appellate in its character; except in the few cases of original jurisdiction enumerated in the Constitution.

The case, as sent here, involves a constitutional question, which is argued at some length in the printed brief; and this furnishes a still stronger objection to the manner in which the point is brought before us. It would hardly be proper for this Court to express opinions upon constitutional questions; when it appears, clearly, by the record that there is no suit legitimately before it.

The case is therefore remanded to the Circuit Court for further proceedings, according to law.

The case of the United States *vs.* Charles A. Woolsey, having been sent here in like manner; must also be remanded for the reasons above stated.