W. L. JARVIS, *et al. v.* BOARD OF SUPERVISORS OF WARREN Co.

1. MANDAMUS—SCHOOL HOUSE WARRANTS.—A petition for a mandamus to compel the Board of Supervisors to levy a tax to pay for the erection of school houses, and failing to state the particular sub-district in which the respective school houses were erected, is insufficient under the law. Revised Code, § 2053. Act of 1870, p. 11, § 32.

Error to the circuit court of Warren county. Hon. GEO. F. BROWN, Judge.

Relators, as the holders of certain school warrants issued by the board of school directors of Warren county, upon the school house fund, filed their petition on the 1st day of March, 1873, in the circuit court, praying a *mandamus* against the board of supervisors of said county, compelling them to levy a tax to pay off said warrants, amounting in the aggregate to the sum of $10,263. Copies of the warrants are filed with the petition. Par respondents answered alleging that the reasons why a peremptory *mandamus* should not issue against them, are:

1. That by act of the Legislature, approved April 4, 1872, their power to levy tax, in any one year, is limited to $2\frac{1}{2}$ per cent., and that this power to levy was exhausted by the levy actually made for State, general county, special county, poor house, and bond interest, so as to leave only one mill on the dollar for school house purposes, which levy of one mill was made, being a fair distribution with other demands equally valid and binding.

2. That the petition is uncertain as to the exact amount they are asked to levy.

3. That it does not appear upon what particular sub-district levy is asked to be made.

4. That relators have a full and ample remedy at law; and respondents further deny that the petitioners, or any other persons holding the warrants, made legal demand upon them for the performance of said duty.

An amended petition was filed, setting forth more fully the facts and circumstances, attending the issuance of said warrants, and made the record of the board of school directors a part of their petition; and states in terms, the precise sum for which the *mandamus* is prayed.

Respondents answer, that the estimate or report, which by sec. 2014, Code of 1871, the board of school directors is required to make to the supervisors is not binding, but that it is their duty to examine into the correctness of the same, and reduce or increase the same as they may deem proper and expedient.

The court below refused to grant the peremptory writ of *mandamus*, and the case comes to this court on writ of error.

*W. W. Dedrick*, for plaintiff in error:

The judgment of the court below was based upon the opinion that the board of school directors had no authority to issue the warrants. That they had the power, see act July 4, 1870, § 25; Rev. Code of 1871, § 2024–2030.

It is the duty of the board of supervisors to levy a tax sufficient to pay off said warrants, and they have no right to refuse said levy; provided, the requisition of the school directors is within the limit prescribed by law. See above recited act of 1870, §§ 31 and 32; Rev. Code of 1871, § 2014–2053.

Since the warrants are issued by the proper authorities, and there were no funds in the hands of the treasurer to pay the same, and the board of supervisors having neglected and refused for two years to levy the tax required of them by law, on the report of the board of school directors, a *mandamus* is the proper remedy to compel a levy of the tax, and it should have been ordered by the court below. Hendricks v. Johnson, 45 Miss., 644; Board Police Attala county v. Grant, 9 S. & M., 92; Carroll v. Board Police, 6 Cush., 38; Swan v. Buck, 40 Miss., 269; Swann v. Work, 2 Cush., 439; Swann v. Gray, 44 Miss., 393; Riggs v. Johnson Co., 6 Wallace, 169; ib., 421; Wakely v. City of Muscatine, ib., 514; United States v. Council of Keokuk, ib., 518; Indiana

v. Aspinwall, 21 U. S. Rep., 539; same v. same, 24 How., 376; Exparte Holman, 28 Iowa, 88; Am. Rep., vol. 4 p. 159.

The first objection in the answer of the respondents is insufficient, for the reason that the relators do not ask for a levy for the year 1872, but for a future year.

If there was any force in the second objection raised by the answer, it has been cured by the amended petition, which states in terms the particular warrants and the exact sum total for which levy is asked.

The third objection must fail, for the amended petition sets forth in terms that the warrants are to be paid by a levy on the property situate in Warren county, outside the corporate limits of Vicksburg, being the Warren county school district.

The fourth objection has been decided by the supreme court in the cases above cited.

I cite the following authorities, which hold that an express refusal is not necessary to put the party in fault: Maddox v. Graham, 11 Ky. (Metcalf), 56; Abbott's Digest Corporations, p. 451, art. 8; Rex v. B. & A. Canal Co., 3 Ad. and E., 217; 1 Har. and W., 279; 4 Nev. and M., 871; Rex v. B. & A. Canal, Nar. 3, Ad. and E., 90, 1, n. 1; Regina v. B. & E. R. R. Co., 42 B., 162.

*A. M. Lea,* for defendant in error:

1. The act of April 4, 1872, section 12 (acts '72, p. 19), restricting respondents as to the amount of taxes they might lawfully levy, imposed upon them the duty of so *apportioning* the county assessment as best to provide for the several public interests and demands they were called upon to meet by taxation. This duty involved in its exercise such an element of *discretion* as to be fatal to the application for the writ. Power and control over the whole subject of taxation resides in the legislature, they may regulate and supervise this power delegated to respondents, and restrict them to certain limits.

2. The warrants mentioned in the petition must be drawn

upon the fund of a "sub-school district," and not upon the general school house fund of the county. See §§ 2014, 2025, 2053 Rev. Code, 1871.

3. By section 1384 of the Code, the courts are opened to those having claims against a county, and its property can be subjected to the satisfaction of any judgment obtained. Among the reasons assigned by this court in sustaining the application for the writ in Carroll v. Tishomingo county, was the fact that, in the opinion of the court in that case, "no action lies against a county." 6 Cushman, 38; see also Exparte Lynch, 2 Hill, N. Y., 45; 10 Wendell, 395.

4. The strict requirements of the old practice upon the subject of a specific demand for the performance of the duty sought to be enforced are not removed by the provisions of our statute regulating this action. Section 1519 makes a *demand essential*. Respondents, in their answer, traverse the averment of demand, and I submit that this issue of fact must be found for petitioners before the writ can be awarded. The statement of Gilman before the court below was improperly introduced upon the state of the pleadings. There is no waiver of a jury in the record, and I submit that, until this issue of fact, raised by the answer, is regularly disposed of, it is a complete bar to the application. The statute making the procedure in this action " the same in all respects, as nearly as may be, as in an ordinary action for the recovery of damages," makes the intervention of a jury necessary here, unless waived by consent of the parties.

*J. S. Morris*, Attorney General, on the same side:

TARBELL, J., delivered the opinion of the court.

*Mandamus* by plaintiffs in error to compel defendants in error to levy a tax for the payment of warrants issued by the school directors of Warren county, in payment of indebtedness for the erection of school houses. The warrants were issued between Nov. 20, 1871, and April 1, 1872, and

drawn generally on the school house fund, without the desig-
nation of the sub-district in which the school house was
built, in payment of which the warrant was issued.   Neither
does the petition for *mandamus* show this fact.   The writ
was denied and the petition dismissed.   Thereupon a writ
of error was prosecuted to this court.

Several questions are presented by the record.

1. It is insisted that the law approved April 4, 1872, pam-
phlet Acts, p. 19, restricting boards of supervisors in the
amount of taxes they may levy in any one year, conferred
upon the defendants in error a discretion in providing for
the public interests and demands, which discretion, in appor-
tioning the county levies, can not be controlled by *mandla-
mus*.   To this it is replied, that the indebtedness involved
was created and the warrants issued prior to the passage of
the law referred to, and that; therefore, it constitutes no
bar to the writ.

Upon this point, 4 Wall, 535, and 5 Wall, 705, are cited.

2. Referring to §§ 2014, 2025, and 2053, of the Code, it is
urged that the warrants set out in the petition should have
been drawn upon the fund of the respective sub-districts,
and not upon the general school house fund of the county.

In reply to this objection, it is averred, in brief, in an
amended petition, that the Act approved July 4, 1870, was
in force at the time the contract for the erection of the
school houses, for which the warrants described, was entered
into, and hence, that this case ought to be determined by
the statute of 1870.   Pamphlet Acts, 1870, p. 1, §§ 2 and 32.

3. By § 1384 of the Code of 1871, the courts are opened
to those having claims against a county, and its property is
thereby subjected to the satisfaction of any judgment ob-
tained.   Hence it is contended that the proceeding by *man-
damus* does not lie, and 28 Miss., 38; 2 Hill, 45; 10 Wend.,
395; 3 Barr, 1267; 15 East., 117; and 1 Cow., 417; are
cited in support of this objection.   It is replied to this, that
by a late statute, school directors have been superceded by
the boards of supervisors, upon whom have been conferred

all the powers and duties of the former; that the city of Vicksburg constitutes a separate school district, the remainder of the county constituting another school district, the city not being liable to pay any part of the debt in controversy; that the plaintiffs in error have not a " plain, speedy, and adequate remedy in the ordinary course of law," as they are guaranteed by § 1522, Code of 1871, and hence are entitled to the writ of *mandamus;* citing, 28 Miss., 38; 24 ib., 439; 9 S. & M. 77; 40 Miss., 269; 44 ib., 393; 45 ib., 644; in support of the positions asserted.

4. By § 1519, Code of 1871, demand of performance is a necessary prerequisite to this writ. Demand is averred in the petition in this case, and is traversed in the answer. On the hearing, a witness was introduced without objection and without the demand of a jury by either party. The Code, § 1520, provides, that " the pleadings and proceedings " by *mandamus,* " shall be the same, in all respects, as nearly as may be, * * * as in ordinary action for the recovery of damages." It is therefore claimed, that there should have been a jury to pass upon the fact of demand, and that the omission to call a jury is a fatal error. The question involved is, what constitutes a waiver of a jury under § 649 of the Code?

Upon what ground the action of the circuit court was predicated does not appear. Want of consideration is not claimed to exist as a defense to these warrants, nor is fraud averred in their issuance or otherwise. Referring to the several questions presented, it is considered, that one only need be now discussed.

It is insisted by the plaintiffs in error, that the action of the school directors and the issuance of the warrants mentioned herein, were in conformity with the law of 1870, under which, it is averred in the petition, the contract for the erection of the school houses, for the building of which these warrants were issued, was executed. On the part of the defendants in error it is contended, that the proceedings of

the school directors should have conformed to the law of 1871.

By section 2, of the law of 1870, ch. 1, p. 1, each county in the State is declared to constitute one school district, except, that any incorporated city containing more than five thousand inhabitants, shall constitute a separate school district. Under the operation of this statute, Warren county was divided into two districts, the city of Vicksburg forming one, and the remainder of the county the other district. Section 23, of this law, required the board of county supervisors, and the city council of Vicksburg, to appoint each, a board of school directors, for their respective districts, the one for the city, and the other for the remainder of the county. The boards of school directors were, by section 27, declared to be bodies corporate, with power to sue and be sued.

These boards were empowered by section 28, to make all needful rules necessary to aid in the discharge of the duties of their offices; to divide their respective districts into sub-districts for the accommodation of the children to be educated; to procure grounds and buildings; to hire teachers; and to establish graded schools.

By section 31, the school directors were required to report to the board of supervisors an estimate of the cost of sites and buildings "for each and every sub-school district in the county or city."

So much of section 32 as bears upon this case is as follows: "That it shall be the duty of the board of county supervisors thereupon, to levy a tax upon the taxable property in each district, sufficient to defray such estimated costs and expenses for said district; *Provided,* That no more than ten mills on the dollar shall be levied for school house purposes, * * *. The tax thus levied shall be collected in the same manner as other county taxes are by law collected; and shall be paid to the county treasurer, who shall keep a separate account with each district in the county, and shall credit each district with the amount thus collected and paid. All

moneys thus raised shall be held as separate funds, to be known and called the 'School House Fund,' or 'Teacher's Fund;' *Provided*, That any funds now due, or that may become due before the first day of January, 1871, arising from the interest on the proceeds of any lands heretofore, and especially reserved and appropriated by act of Congress, for the use of the schools in any township, may be appropriated for purchasing school sites, or constructing school houses, within such townships or counties."

The provisions of the Code are in the main similar to to those of 1870. Section 2053, of the former, corresponding with section 32 of the latter, has this important qualification, viz: "*Provided*, that the tax levied for school house purposes shall be levied upon the property of the sub-district in which the school or schools shall be established."

The petition in this case does not set out the sub-districts in which the school houses were erected, for which these warrants were issued. That this was necessary, would seem to follow from the following considerations:

1. The averment that the contract for the building of the school houses was entered into under the law of 1870, is indefinite, vague and uncertain.

2. The requirement of the law of 1871, " that the tax levied for school house purposes shall be levied upon the property of the sub-district," affects the remedy only, and not the contract.

3. Section 31, of the law of 1870, devolves upon the school directors the duty of submitting to the board of supervisors an estimate of " the cost of school sites, construction and rental of such number of suitable school buildings as may be necessary to afford school facilities *for each and every sub-school district in the county or city*," and also for repairs upon school buildings.

Section 32 makes it the duty of the supervisors, " *thereupon* to levy a tax, upon the taxable property in *each district*, sufficient to defray *such estimated* costs and expenses for *said district*," and it provides for the appropriation of moneys

arising from the interest on the proceeds of any lands here-tofore granted by act of Congress, to the purchase of sites or the construction of school houses within the township, for the use of which such lands were reserved.

It is made the duty of the county treasurer, by section 40, of the law of 1870, to "require all orders upon him for the payment of school moneys, to specify the fund on which it is drawn, and *the specific use to which it is applied*."

Hence, justice requires, that, in the execution of the law of 1870, if that law governs this case, the tax under section 32 should be levied upon the sub-districts mentioned in section 31, and not *in solido* upon the "district," as defined in section 2. The duty required in section 32, to levy the tax, is *in pursuance of the estimates "for each and every sub-school district in the county or city*," according to section 31.

If a case were otherwise made out for the writ, the court could not make the necessary order upon the supervisors for a levy of the desired tax, in the absence of information as to the sub-districts and the cost of buildings in each. For this omission on the part of the petitioners, the judgment will be affirmed. No application to further amend the petition to obviate the objections of the court below or those herein expressed, is shown by the record, but other facts and considerations are relied on to overcome these views.

Judgment affirmed.