GARRAWAY *v.* STATE *ex rel.* DALE, DISTRICT ATTORNEY.

(Division A.  Nov. 28, 1938.)

[184 So.  628.  No. 33527.]

(Division A.  Jan. 23, 1939.  Suggestion of Error Overruled Feb. 20, 1939.)

[185 So. 803.  No. 33527.]

**Livingston & Livingston,** of Prentiss, for appellee on Motion.

G. L. Martin, of Prentiss, for appellant on Motion.

**Geo. L. Martin,** of Prentiss, for appellant.

474

Livingston & Livingston, of Prentiss, for appellees.

476

Argued orally by **Geo. L. Martin**, for appellant.

**Smith, C. J.,** delivered the opinion of the court on motion.

The appellee, by a motion, requests that this appeal be dismissed, but if not then the stenographer's transcript of the evidence be stricken from the record and the case be advanced on the docket under Section 3372, Code of 1930.

The case is a mandamus proceeding in which the mayor and the members of the board of aldermen of the Town of Prentiss are sought to be directed to enforce a municipal fire prevention ordinance. They declined to defend the action and the appellant was permitted to do so under Section 78, Code of 1930. The appeal is from a judgment awarding the writ of mandamus.

In support of the motion to dismiss it is said: (1) That the appellant was without the right to appear and defend the action in the court below, or to appeal from the judgment rendered; and (2) the appeal was not taken within the time allowed therefor.

Section 78, Code of 1930, provides that: "In all suits

now pending or hereafter brought, against the board of supervisors of any county, or the mayor and board of aldermen of any city, town or village, or any other board, commission, or other officer of any county, or municipality, or district, in their official capacity, any taxpayer or taxpayers of the county, municipality or district, shall have the right at his or their own expense to employ private counsel to defend all suits instituted as above and may prosecute an appeal to the Supreme Court of the State from any judgment or decree of a circuit or chancery court adverse to such officer or officers, if such officer or officers do not prosecute an appeal within thirty days from date same is rendered.'' The appellee's contention is that the permission here given to defend actions is to taxpayers as such and consequently the statute should be construed so as to limit the permission to actions directly involving taxes. We cannot so limit the broad and all-inclusive words ''all suits'' of the statute. Many, probably all, suits against county and municipal officers in their official capacity, other than such as directly involve taxation, are of more or less interest to the county and municipal taxpayers; at all events, the legislature seems to have so thought.

The judgment appealed from was rendered on May 12, 1938, and the appeal bond required by Section 79, Code of 1930, was filed and approved on August 10, 1938. According to the appellee, this bond should have been filed within thirty days after the judgment was rendered. The limitation of the time in which appeals can be taken from judgments of this character is that of the general statute governing appeals. The thirty-day stipulation in Section 78, Code of 1930, is not a limitation on the time within which appeals must be taken, but is a permission to taxpayers to take the appeal in event the officers should fail to appeal within thirty days.

The notice to the stenographer to transcribe his notes of the evidence was not given within the time therefor prescribed by the statute governing appeals generally,

but Section 80, Code of 1930, which governs here, permits the notice to be given, when an appeal is taken by a taxpayer, within thirty days after the appeal is taken. The notice was here given on the day the appeal bond was filed and therefore within the time therefor.

The position of this case on the Court's docket is such that to advance it would result in its submission, but a short time, if any, earlier than it would be should it retain its present place on the docket. The request to advance will therefore be denied.

Motion overruled.

**McGowen, J.,** delivered the opinion of the court.

In the Circuit Court of Jefferson Davis County, The State of Mississippi, on the relation of Dale, District Attorney, filed a petition, in vacation, for a writ of mandamus against the mayor and the several members of the board of aldermen of the Town of Prentiss.

The petition alleged that V. B. Garraway was then erecting a wooden or frame building in a designated fire limit of the Town of Prentiss in violation of the ordinances. The petition prayed for a judgment directing that a writ of mandamus issue requiring the mayor and board of aldermen to abate and remove said building summarily, "as provided by ordinances," and to otherwise enforce it.

On the date fixed for the hearing, the mayor and board of aldermen did not plead, but V. B. Garraway, the party who was alleged to have violated the ordinances, on his motion, was permitted to appear and plead. He filed a plea of a general issue and a notice under the general issue that more than fifteen other buildings had been erected in said fire district. He also filed a special plea in bar to the effect that the board of mayor and aldermen had by order or resolution decided to bring no proceedings against him to compel the removal of the

building. A copy of the order was exhibited, which showed that the board, by a vote of three to two, declined to institute injunction proceedings. A demurrer was sustained to this special plea in bar.

Before the trial of the case, three citizens, having buildings within the fire district, filed a petition to join with the district attorney in the petition, which was allowed by the court.

The proof in the case was Ordinance No. 96 of the town, and it was not disputed but that Garraway had practically completed a building condemned by the ordinance as being unlawful, and that its removal would practically destroy the material used in its construction.

Ordinance No. 96 was adopted by the governing authorities on January 5, 1926; and subsequently on May 5, 1931, the mayor and board of aldermen undertook to pass Ordinance No. 112, but the court below held that it was void, and this was clearly correct for the reason that the ordinance had been passed simply by number without setting forth its provisions in the minutes. Since it was void and had no effect, we consider only Ordinance No. 96.

The ordinance here involved and sought to be enforced by Section 1 thereof established a fire limit district in a certain area of the town; Section 2 provided that it should be unlawful to erect therein any building made of sheet iron, concrete blocks, wood or any combustible material; Section 3 required a permit before any building was erected in that district, signed by the mayor and clerk; and Section 4 had reference to the reconstruction of buildings which had been partially burned, and required a written permit therefor.

Section 5 is in the following language: "That any building or buildings, house or houses, structure or structures erected, constructed, enlarged, repaired or replaced at or on any place within said limit in violation of this ordinance may be removed from said fire limit by the authorities of the Town of Prentiss, Mississippi, at the

expense of the owners of such building or buildings, house or houses, structure or structures, and such building or buildings, house or houses, structure or structures may be condemned and sold by the authorities of said Town to pay the expense so incurred in such removal thereof.''

Section 6 provided that it should be a misdemeanor for any person to violate any provision of the ordinance.

The mandamus court excluded the evidence as to the construction of the other buildings in violation of the ordinance and directed the writ of mandamus to issue to the mayor and board of aldermen. The pertinent part of which is in the following language: ''It is thereupon considered, so ordered and adjudged by the court that a writ of mandamus issue out of this court directed to the Board of Mayor and Aldermen of the Town of Prentiss, Mississippi, commanding said Board of Mayor and Aldermen to enforce said Ordinance No. 96 in all respects in accordance with its terms and provisions, and as provided by law, and that the defendants and V. B. Garraway, intervenor be and they are hereby taxed with all costs of court.''

Garraway, who had been permitted to intervene and defend the suit in the court below, prosecutes an appeal to this Court.

It will be observed that Section 5 of the ordinance in question provided that the town authorities should condemn and remove the building. It will be further observed that no machinery was set up in the ordinance for its effective enforcement. It is left to speculation as to who, of the town authorities, would be vested with the authority to abate this nuisance, how it was to be determined as to whether or not a building violated the ordinance, and how it was to be condemned or removed. In this case, the proof is to the effect that removal of the building will destroy its value. In these respects, the ordinance is wholly incomplete.

It will be observed that, in effect, the writ of mandamus commanded the mayor and board of aldermen to enforce

the ordinance. It will be observed at once that these officials will be met with these deficiencies in the ordinance. It will be necessary for the mayor and board of aldermen to set up machinery for the adjudication of the fact that the building complained of is erected in violation of its ordinance, how the removal of the building from the district will be effected, and how it will be condemned as provided in the statute.

Section 2428, Code of 1930, authorizes the passage of suitable ordinances creating fire districts and the enforcement of ordinances by municipalities against the construction of any building in violation of an ordinance passed pursuant and in conformity thereto.

. It will be further observed that in so far as the enforcement of Ordinance No. 96 is concerned that the only course left thereunder for the mayor and board of aldermen as such would be by criminal prosecution of the offending owner of the building, which would be wholly inadequate to accomplish the purpose of abating the nuisance by removing the building from the protected district.

It is also manifest that the mayor and board of aldermen, before they could proceed to remove this building or condemn it, must legislate and pass the necessary resolutions or ordinances for its enforcement. They must also provide and set up some plan and adjudicate the necessary facts as a basis for the lawful condemnation and removal of the building. These necessary acts would not, under any definition, be merely ministerial duties. In McHenry v. State, 91 Miss. 562, 44 So. 831, 16 L. R. A. (N. S.), 1062, this court said: "The circuit court undoubtedly has jurisdiction generally to try a mandamus proceeding; but a mandamus suit must be tried according to its inherent nature, as an extraordinary remedy, ever limited in its scope, and moving, as stated, generally within a very limited groove, and in this case within a very special limited groove—the board having nothing to do but the purely ministerial duty of

meeting and declaring the result." In Swann v. Buck, 40 Miss. 268, this Court said: "It is a general rule, that whenever a statute gives power to, or imposes an obligation on, a particular person, to do some particular act or duty, and provides no specific remedy on non-performance, a mandamus will be granted. Tapping 80 (30). There must be a clear legal right, and no specific legal remedy for its enforcement. When directed to a public officer, it must be to enforce the performance of a mere ministerial act, not involving on the part of the officer the exercise of any judgment or discretion. (Marbury v. Madison, 1 Cranch 137; Decatur v. Paulding, 14 Pet. 524; Brashear v. Mason, 6 How. 92." This was cited with approval in Jarvis v. Board of Supervisors of Warren County, 49 Miss. 603.

It follows that we are of the opinion that the court below erred in granting the extraordinary prerogative writ of mandamus in this case.

We are further of the opinion that the relator and private persons who joined him in the suit, had a complete remedy to prevent or abate the nuisance alleged in the chancery court of that county for it would be a nuisance per se. The remedy in equity is complete, adequate, speedy, efficient and available. On the question of whether or not an adequate remedy in equity is available to a petitioner on mandamus the courts of this country are in conflict. See 18 R. C. L., pages 135, 136, sec. 50 and notes, and George S. Chatfield Co. v. Reeves, 87 Conn. 63, 86 A. 750, L. R. A. 1916D, page 321. In view of the fact that the chancery court is now as speedy as a court of law, and has a more complete machinery under its control for the abatement of a nuisance, there is no sound reason why we should not now consider the adequacy of the remedy in equity to abate such a nuisance as a building erected in violation of ordinances, which endangers the property of the citizens of the municipality and of the fire district. The trial in chancery court is usually without the intervention of a jury, the pleading.

is simple, and delay is no longer necessary in that court because cases are heard in open court, with a stenographer to note the evidence and transcribe same. No sort of confusion can arise in a court of equity in the enforcement of the right here sought to be invoked, and that court has the power to render a decree which will effectually end the rights of all parties, and no subsequent damage suits can arise because of the manner in which the nuisance is abated by the decree of the court.

Reversed and petition dismissed.