## THE STATE on the relation of ELLIOTT and Others *v.* CUSTER and Others.

An appeal will lie from a decision of the trustees of a township, upon a controversy among the inhabitants of a school district, touching the location of a school-house, where petitions and remonstrances have been presented to such trustees, to the superintendent of public instruction; and the decision of the superintendent will be final.

An injunction, and not a writ of mandate, is the proper remedy to prevent township trustees from erecting a school-house on a site selected by themselves; but a mandamus is the proper remedy to compel the trustees to obey a decision of the superintendent of public instruction, on appeal from them, establishing a school-house for the district.

Friday,
December 3.

APPEAL from the *Jefferson* Circuit Court.

HANNA, J.—This was a proceeding to obtain a peremptory mandate, to compel the trustees of a township in *Jefferson* county to desist from the erection of a school-house at a certain site, and to compel them to establish the same at another and different site.

It is alleged in the affidavit, which is in the form of a verified petition for a mandate, that a house, called the "*Monroe* school-house," had been selected and used as the district school-house, for district number 5, for the year 1855; and that, on the 6th of *June*, 1856, a meeting of the inhabitants of said district was held at said house, in pursuance of notice, at which, by a vote, the same was designated as the site for said district school, and the trustees informed thereof; that said trustees afterwards, on said day, refused to recognize said selection, but located the said site at another place, distant one and a quarter miles therefrom, to-wit, "on the site adopted by the board, on the 3d of *May*, 1856, on the south-east quarter of section 21, town. 5, range 10;" and that, upon appeal from said decision to the state superintendent, he reversed the order of the trustees, and directed them to locate at the site selected in 1855, and designated by the meeting aforesaid, which the trustees refuse to do, but are proceeding to erect a house at the point, &c. To this, there was an answer of several paragraphs filed, all of which were afterwards withdrawn, except the second and fifth, which were demurred to, and the demurrer overruled, &c.

The second paragraph avers that, on, &c., at a regular meeting, the trustees, by resolution, located the site of the school-house in said district, &c., at, &c., "believing it to be the most convenient for the majority of the people of said district."

The fifth paragraph avers that the law makes it the duty of the trustees to locate school-houses according to their best judgment, &c., without regard to the opinion of the superintendent, &c.

The questions presented to us are, first, whether a decision of the trustees of a township, upon a controversy among the inhabitants of a district, in regard to the location of their school-house, can be appealed from; and if so, secondly, whether such trustees are compelled to follow the decision of the superintendent.

Included in these questions, and the facts averred in this case, is, to some extent, the right of the inhabitants of a

district to designate and select a place for the erection of a school-house.

By the school law of 1855, various duties connected with the management of schools and school funds, are devolved upon the trustees of the civil townships, who are, by the act, declared to be school trustees; and by the 143d section thereof, it is provided that, "an appeal shall lie from the decision of the township trustees to the state superintendent, whose decision shall be final." It is earnestly insisted, that the location of a school and school-house, is not such a decision as it was contemplated should be appealed from. We think, in this instance, an appeal could be taken. A public meeting had been held, the proceedings of which were treated by the trustees, as shown by their record, as a petition or memorial. A remonstrance had been presented by others, to the trustees, against granting the prayer of the petitioners. The trustees acted; and from that decision, we think either the petitioners or the remonstrants had a right of appeal to the superintendent, whose decision is, by the statute, made final. We do not now decide whether an appeal would or would not lie from the action of the trustees in making a location, where no memorial nor remonstrance had been presented upon the subject.

As to the first part of the relief sought in this case, a writ of mandate was not the proper mode of proceeding to prevent the trustees from erecting a school-house in the place selected by themselves, in violation of the decision on appeal. There was an ample remedy by injunction, and whilst that existed, this writ could not, necessarily, be resorted to. See *The Board, &c., of Ripley Co.* v. *The State ex rel. Harding*, and authorities cited, at this term (1).

As to the other portion of the relief sought, to-wit, that the trustees be compelled to establish the said *Monroe* school-house, &c., we think that the writ of mandate is the proper remedy to enforce obedience to the decision of the superintendent, upon the appeal. For these, and other reasons which might be given, the demurrer should have

been sustained to the second and fifth paragraphs of the answer.

*Per Curiam.*—The judgment is reversed with costs.

*J. Sullivan,* for the appellants.

*H. W. Harrington,* for the appellees (2).

(1) *Ante,* ——.

(2) Mr. *Harrington,* for the appellees, cited the following authorities: