CHARLES A. COLLEY vs. DANIEL F. WEBSTER.

New Haven and Fairfield Cos., June T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The charter of the city of Waterbury provides that the clerk of the police court of the city " may pay to persons entitled to costs in any criminal prosecution such costs as have of right accrued to them, * * * and may draw orders on the city treasurer for such sums as are necessary for such purpose or may pay the same out of the funds of the city in his hands." A prosecuting officer who was entitled to certain fees which had been taxed in criminal prosecutions in the police court, brought an

application for a writ of mandamus against the clerk of the court to compel him to pay him the fees. Held that the city and not the clerk was liable to the plaintiff for the fees, and that, while the clerk would have had the right to pay them under the above provision of the charter, a mandamus would not lie to compel him to pay them.

[Argued June 3d—decided September 12th, 1890.]

MANDAMUS; in the Court of Common Pleas of New Haven County; reserved for advice. The case is fully stated in the opinion.

*J. O'Neill*, for the plaintiff.

*L. F. Burpee*, for the defendant.

CARPENTER, J. The plaintiff is a prosecuting agent for New Haven County. During the months of February and March, 1890, he brought and prosecuted twenty suits against different parties, for violations of the laws relating to the sale of spirituous and intoxicating liquors, before the police court of Waterbury. In each of these cases there was taxed and allowed a prosecuting agent's fee of ten dollars for the use of the city of Waterbury. The plaintiff presented his claim for these fees, as was usually done, to the board of finance of the city, but the board refused to allow it. Thereafter he made demand of the defendant, as clerk of the police court of the city, for the payment of the fees, and payment was refused. This suit is a mandamus to compel the defendant to pay these fees. The facts are found and the case is reserved for the advice of this court.

Presumably the fees so taxed have been paid to the city. What reason may exist for not paying them to the plaintiff does not appear. It may be assumed that some reason, which the city authorities deem sufficient, does exist. If not, or if the reason is not sufficient, it requires no argument to show that an action may be maintained against the city. In such an action the city may appear and interpose any defense there may be to the plaintiff's claim. If the defense is not sustained, the party legally liable, and who has the money for that purpose, would be obliged to pay.

The city and not the defendant is liable.  The defendant may pay, not on his own account, but as the official agent of the city, authorized so to do by statute.  " Said clerk may pay unto persons entitled to costs in any criminal prosecution such costs as have of right accrued to them, taking their receipt therefor; * * * and said clerk may draw orders on the city treasurer for such sums as are necessary for such purpose, or may pay the same out of the funds of the city in his hands."  Charter of the City, § 18; 6 Special Laws, 81. If he does neither the claim remains good against the city, to be audited and paid in the usual and regular course.  If payments are unjustly refused the courts are open to the plaintiff.

The statute is in terms permissive, not mandatory.  If through the action of the clerk only could the demand be collected, there would be more reason for construing the statute as imperative.  As it is optional, and if he declines to act there is another remedy, and that other remedy is the one usually pursued, we have no occasion to construe the statute otherwise than as it reads.

Perhaps we do not fully comprehend the plaintiff's argument.  He seems to contend that the charter has no application to the case, as it did not contemplate the fees of prosecuting agents, they having been subsequently appointed ; and that the statute prescribing their fees provides that they " shall be taxed and paid as other costs in said cases." Under this statute, the claim is, as we understand it, that the plaintiff is entitled to his fees, independent of the city or of any action on its part.  This claim encounters at the outset a serious difficulty.  There are no fees taxed in favor of the plaintiff, but such fees as he is entitled to are in fact taxed in favor of the city of Waterbury.  As the case now stands it would seem clear that the plaintiff must receive his fees, if at all, through the city.  Moreover the charter does refer to and embrace " the fees of the prosecuting officer who shall make complaint or presentment."  The plaintiff is strictly a prosecuting officer within the meaning of the charter ; nor does it make any difference that the act prescrib-

ing a fee of ten dollars was subsequently passed, as that is a part of the fees of the prosecuting officer and is to be taxed as costs.

Neither do we concur with the plaintiff in his claim that his bill for fees is in no sense a claim or account against the city. It is true he has no claim arising from an express contract. By the terms of the charter, and through the action of the court thereunder, the state has placed in the city treasury certain money for the plaintiff. We do not at present see why there is not an implied promise to pay the same. And furthermore, unless there is something in the case not now brought to our notice, the city or its officers cannot avoid liability by simply refusing to approve the bill.

Neither do we wish to be understood as sanctioning the defendant's claim that it is his plain duty not to pay the plaintiff's claim. On the contrary, we think the charter clearly authorizes such payment. We only say that the charter imposes no duty that the court can enforce by a mandamus; and that the plaintiff has adequate remedy at law.

The Court of Common Pleas is advised to render judg-, ment for the defendant.

In this opinion the other judges concurred.