ROYAL M. BASSETT ET AL. *vs.* WILLIAM C. ATWATER, PRESIDENT, ET AL.

Third Judicial District, Bridgeport, October Term, 1894. ANDREWS, C. J.; TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The performance of a ministerial duty prescribed by a public statute may be enforced by mandamus, even when its non-performance operates only as a private wrong.

Section 1945 of the General Statutes, by establishing the only mode in which special meetings of joint stock corporations may be called, makes it the imperative duty of the president or secretary to give the prescribed notice whenever it is properly required. Each corporation may determine for itself under what circumstances a special meeting shall be held, and if a by-law which gives to the holders of a certain proportion

of the stock the right to demand such meeting, is duly complied with, it thereupon becomes the legal duty of the president or secretary to issue the notice or call for the meeting, and this duty, in case of his neglect or refusal, is enforceable by mandamus.

[Argued October 23d, 1894—decided January 8th, 1895.]

APPLICATION for an alternative writ of mandamus requiring the respondents to call a meeting of the stockholders of the Derby Rubber Company; brought to the Superior Court in New Haven County and tried to the court, *Prentice, J.,* upon respondents' motion to quash the writ; the court granted the motion and the petitioners appealed for alleged errors in the rulings of the court. *Error, judgment set aside and case remanded.*

The case is sufficiently stated in the opinion.

*Edwin B. Gager* and *William S. Downs,* for the appellants (relators).

The writ of mandamus is an appropriate remedy to enforce the performance by the officers of a joint stock corporation of their ministerial duty to call a special stockholders' meeting at the request of a sufficient portion of the stockholders, where such duty is imposed by a by-law of the corporation.

Section 1945 of the General Statutes provides that notice *shall be given* by the president or secretary of each meeting. This statute leaves no discretion to the president or secretary. He must call such meeting when occasion arises.

Section 1946 authorizes a joint stock corporation to adopt by-laws. The Derby Rubber Co. did adopt a by-law providing that a special meeting of the stockholders should be held on the request of those holding two hundred shares of the capital stock. The effect of this by-law was and is precisely as though the public statute itself had declared that a special meeting should be called under the conditions named. It is plain that if the by-law is of no binding force upon the officers of a corporation, then there is no manner whatever in which stockholders can insist upon a meeting of the corporation if the president and secretary, whose imperative duty it is to call the meeting, obstinately refuse. When

by-laws are made in pursuance of the legislative authority, expressly or impliedly granted, the by-laws themselves have the force and the effect of a public statute; for they are binding upon the corporation, binding upon the officers and stockholders, binding upon those dealing with the corporation; and the authorities agree in this view. *Cummings* v. *Webster*, 43 Me., 192; *McDermott* v. *Board of Police*, 25 Barb., 635; *Presby. Church* v. *City of N. Y.*, 5 Cowen, 540; *Stuyvesant* v. *The Mayor, etc.*, 7 id., 691; *Evans* v. *Osgood*, 18 Me., 213; Potter on Corp., §§ 72, 75; *Brent* v. *Bank of Washington*, 10 Pet., 615; 1 Mor. on Corp., § 491; Cook on Stock and Stockholders, § 593.

The tendency of the decisions for many years past has been toward enlarging the scope of mandamus and treating, it as an ordinary civil action. *Gilman* v. *Bassett*, 33 Conn., 298; *Ward* v. *Griswoldville Mfg. Co.*, 16 id., 593; *Fuller* v. *Plainfield Academic School*, 6 id., 532; *Brainard* v. *Staub*, 61 id., 570; *Amer. Ry. Frog Co.* v. *Haven & Co.*, 101 Mass., 398; *Com.* v. *Phœnix Iron Co.*, 105 Pa. St., 111; *Foster* v. *White*, 86 Ala., 469; *Rosenfield* v. *Einstein*, 46 N. J. L. 479; Lindley on Partner., § 1037; Spelling, Ex. Relief, §§ 1364, 1365.

. If the by-law gave room for discretion it would be quite another case, but the duty of the president and secretary under this by-law comes within the most approved rule of imperative ministerial duty. *State* v. *Johnson*, 4 Wall. 498; *Flourney* v. *City of Jeffersonville*, 17 Ind., 169; *Regina* v. *Aldham*, 6 Eng. L. & Eq., 365; *People* v. *Cummings*, 72 N. Y., 433.

There is no ground or reason for a bill in equity, because if the relators have any right at all to the meeting it is a legal and not an equitable right.

*Henry Stoddard* and *V. Munger*, for the appellees (respondents).

I. The rules which regulate the issue of the writ of mandamus are well known. The applicant must have a legal right to the performance of some duty of a public, and not

merely private character, and the court must be satisfied as to the propriety of the motive. Shortt on Mandamus, Ch. 2, *227 ; *Parrott* v. *City of Bridgeport*, 44 Conn., 180 ; *Tobey* v. *Hakes*, 54 id., 274 ; *Chumasero* v. *Potts*, 2 Mon.; 268 ; *State* v. *Bridge Co.*, 20 Kan., 404 ; *State* v. *Trustees Salem Church*, 114 Ind., 390 ; Merrill on Mand., §§ 16, 21 ; Spelling, Ex. Relief, § 1379 ; *Gormley* v. *Day*, 114 Ill., 185.

The by-laws relied upon by the petitioners create only a contract relation between the stockholders of the corporation. 1 Potter on Corp., § 76 ; Bacon on Ben. Soc., §§ 79, 80, 91 ; Morawetz on Corp., § 491 ; *Flint* v. *Pierce*, 99 Mass., 70 ; *St. Mary's Benev. Soc.* v. *Burford's Admr.*, 70 Pa. St., 324 ; *Bergman* v. *St. Paul's Building Ass'n*, 29 Minn., 278 ; *Austin* v. *Searing*, 16 N. Y., 112 ; *R. R. Co.* v. *Belfast*, 77 Me., 449 ; Beach on Pri. Corp., § 329 ; *People* v. *N. Y., L. E. & W. R. R. Co.*, 104 N. Y., 67 ; *State* v. *New Haven etc. R. R. Co.*, 45 Conn., 343 ; *Burnsville Turnpike Co. et al.* v. *The State*, (Ind.) 3 L. R. A., 265.

II. The motive of the party moving for the mandamus is to be considered, and in many cases is decisive. Since this writ is only issued in furtherance of justice, those who seek its assistance must satisfy the court that their application is *bona fide* and for a proper purpose. Merrill on Mandamus, § 68 ; *Hale* v. *Risley*, 68 Mich., 596 ; *Commonwealth* v. *Empire Pass. Ry. Co.*, 134 Pa. St., 237. This case is directly in point. *People ex rel. Hatch* v. *L. S. & M. S. R. R. Co.*, 11 Hun, 1 ; *State ex rel. Rosenfield* v. *Einstein*, 46 N. J. L., 479 ; *People* v. *Walker*, 9 Mich., 328 ; *Lyon* v. *Amer. Screw Co.*, 16 R. I. 476 ; *George's Creek Coal & Iron Co.* v. *County Com'rs*, 59 Md., 257 ; *McClellan* v. *Graves*, 19 id., 374 ; *Effingham* v. *Hamilton*, 68 Miss., 523 ; *Rex* v. *Liverpool etc. R. R. Co.*, 21 L. J. Q. B., 284 ; Shortt on Mandamus, *251.

III. Again, the writ of mandamus will not be granted against the spirit of the law, although the duty to be enforced is within its strict letter. Merrill on Mandamus, § 71 ; *People ex rel. Wood* v. *Assessors*, 127 N. Y., 201 ; *State ex rel. McBride* v. *Board of Comrs.*, 26 Kan., 419 ; *Weidwald* v. *Dodson*, 95 Cal., 450. Mandamus is only granted in cases

which involve substantial rights. The applicant must show that he has been deprived of a right which will result to his pecuniary loss. Merrill on Mandamus, § 66 ; *Pratt* v. *Meriden Cutlery Co.*, 35 Conn., 41 ; *King* v. *The Master and Warden of the Merchant Tailors' Company*, 2 Barn. & Adol., 115 ; *Chesebro* v. *Babcock*, 59 Conn., 214.

ANDREWS, C. J. The plaintiffs are the owners and holders of more than two hundred shares—indeed of a majority of all the shares—of the capital stock of the Derby Rubber Company, a joint stock corporation formed under the laws of this State and located at Derby. The defendant William C. Atwater is the president, and William F. Askam is the secretary, of said corporation. One of the by-laws, the 6th, of said corporation, provides in respect to annual meetings that : " A written or printed notice of such annual meeting, and also of each special meeting of said corporation, specifying the place, day and hour of such meeting, shall be given by the president, or secretary, to each stockholder by leaving it with him or at his residence or usual place of business, or by depositing it in some post-office for transmission by mail, postage paid, addressed to him at his last known place of residence, at least five days before said meeting." Another by-law, the 7th, enacts that: " Special meetings of the stockholders of said corporation may be held at any time upon the notice hereinbefore specified, and the secretary or president shall give such notice upon the request in writing of stockholders holding two hundred shares of the capital stock of said corporation calling for such special meeting, and shall specify therein the object and purpose of such meeting."

On the 4th day of April, 1894, the plaintiffs united in a written request to the defendants, asking them to call a special meeting of the stockholders of said corporation, specifying therein the object and purpose of such meeting, and also naming a place, a day and an hour for the holding of the same, which request was, on said day, placed in the hands of each of said defendants. But the defendants refused to

call any such meeting. Thereupon the plaintiffs made application to the Superior Court for a writ of peremptory mandamus requiring and commanding the defendants to call such a special meeting. An alternative writ was issued and duly served; and on the return day the defendants appeared in court and moved to quash the said alternative writ, alleging various reasons for such motion. The court found the application and alternative writ to be insufficient in the law, granted the motion and quashed the alternative writ. The plaintiffs appealed.

Mandamus, although it is an extraordinary legal remedy, is in the nature of an equitable interference supplementing the deficiencies of the common law. It will ordinarily be issued where a legal duty is established and no other sufficient means exist for enforcing it. When the object sought can be equally well obtained by other means, as by an action or by some other form of proceeding, then mandamus will not lie. Thus, the enforcement of merely private obligations, such as those arising from contracts, are not within its scope. The essential conditions without which the writ will not be issued to enforce the performance of a ministerial duty are: (1) that the party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, that is, a duty in respect to the performance of which he may not exercise any discretion; (2) that the party applying for the writ has a clear legal right to have the duty performed; and (3) that there is no other sufficient remedy.

In the present case the alternative writ, in point of form, contains allegations which show that all these conditions exist in favor of the plaintiffs. And as these are admitted by the motion to quash to be true, we are to inquire whether any of the allegations are insufficient in the law. The Superior Court found the insufficiency in the fact that the duty sought to be enforced was one imposed by the by-laws of the corporation. In its memorandum of decision that court said: " The by-laws in question do not have the force or dignity of public law. Their office is a private one and the duties they impose are private, not public, in their nature.

The individuals concerned, and not the public at large, are interested in their obedience. Disobedience of them works a private injury, not a public wrong. Breach of the duties they impose is a breach of private duty and not of a public trust. * * * The writ of mandamus, therefore, is not a remedy appropriate to the circumstances the complaint discloses."

This memorandum seems to indicate that the Superior Court was of opinion that a writ of mandamus was a remedy to be used only in cases where the duty sought to be enforced was one imposed by public law, and one the non-performance of which worked a public wrong; and that the alternative writ in this case was defective in both these particulars. But is this true? To speak first of the defect last mentioned —is it true that a mandamus is to issue only to enforce a duty in the performance of which the public at large has such an interest that its non-performance is in the nature of a public wrong? Perhaps the earlier cases, some of them, mentioned this as a necessary requirement. But even then it was not strictly insisted upon. The writ was often issued in cases where the question in controversy was rather upon some matter of private right, than upon a public one. The courts then followed the rule given by LORD MANSFIELD in *Rex* v. *Barker*, 3 Burr., 1267, that: "The value of the matter, or the degree of its importance to the public police, is not scrupulously weighed. If there be a *right*, and *no other* specific remedy, this should not be denied." *Rex* v. *Turkey Co.*, 2 Burr., 999; *Rex* v. *Wildman*, 2 Stra., 879; *White's Case*, 2 Raym. (Ld.), 1004; *Case of Schriven & Turner*, 2 Stra., 832; *Dacosta & Russia Company*, id., 783; *Anon.*, id., 696.

In this jurisdiction this feature is substantially disregarded, and a mandamus is issued in cases where the duty is one imposed by public authority and its non-performance operates only as a private wrong. Thus, a justice of the peace may be required to correct his record at the application of one who has only a private interest in it. *Smith* v. *Moore*, 38 Conn., 105. A judge of probate may be required to amend his record so as to enable a party to take an appeal, though no person in the world is interested in the suit but

the appellant. *Taylor* v. *Gillette*, 52 Conn., 216; *Elderkin's Appeal*, 49 id., 69. See also *Daly* v. *Dimock*, 55 id., 579; *Gilman* v. *Bassett*, 33 id., 298; *Amer. Casualty Ins. Co.* v. *Fyler*, 60 id., 448; *Brainard* v. *Staub*, 61 id., 570. We understand this to be the general doctrine in America and England at the present day. Mr. High in the very first section of his valuable work on mandamus says : " The object of a mandamus is to prevent disorder from a failure of justice and a defect of police, and it should be granted in all cases where the law has established no specific remedy and where in justice there should be one. And the value of the matter in issue or the degree of its importance to the public should not be too scrupulously weighed." And in the 10th section : " The test to be applied, therefore, in determining upon the right to relief by mandamus, is to inquire whether the party aggrieved has a clear legal right and whether he has any other adequate remedy, since the writ only belongs to those who have legal rights to enforce who find themselves without an appropriate remedy. And whenever the conditions above noticed coexist, the right to the extraordinary aid of a mandamus may be regarded as to that extent, *ex debito justiciæ.*" We think the alternative writ was not insufficient for such reason. It is not to be tolerated that where the law in precise terms directs the performance of an act, it is incapable or unwilling to enforce obedience to its mandate because only one person, or a few persons, are interested in securing such obedience. *The King* v. *The Justices of Kent*, 14 East, 395; *The King* v. *The Archbishop of Canterbury*, 15 id., 117; *The King* v. *The Bishop of Chester*, 1 Term Rep., 396; *The King* v. *The Severn & Wye Ry. Co.*, 2 Barn. & Ald., 646; *The People ex rel. Wilson* v. *Supervisors*, 12 John., 415; *Bright* v. *Supervisors*, 18 id., 242; High on Ex. Rem., § 350; 14 Amer. & Eng. Ency. of Law, 102.

The other defect indicated by the Superior Court, and the one doubtless which had the greatest weight, seems to have been that the duty imposed on the defendants by the corporate by-laws, to call special meetings, was a duty im-

posed by a mere contract obligation, and not by law. The memorandum of decision from which we have quoted uses the expression "public law." We do not understand the court by that expression to intend anything more than to distinguish between the law, *i. e.*, the law of the land, and a mere contract obligation. If these by-laws impose no duty on the defendants other than one growing out of a contract, then it is certain that a writ of mandamus is not the proper remedy for a neglect or refusal to obey them. And for the reason, if for no other, that for the non-performance of such a duty there is always another adequate legal remedy. *State* v. *Zanesville Turnpike Co.*, 16 Ohio St., 308.

We are brought then to the inquiry: Do these by-laws impose no obligation except such as rests wholly upon contract, and which involves no question of trust or official duty? Two or three observations may tend to elucidate this inquiry. In the first place, all corporations are the creatures of public law. Then, the duty which these by-laws command is a ministerial one. It is a precise act, accurately marked out, enjoined upon particular officers for a particular purpose. *Amer. Casualty Ins. Co.* v. *Fyler*, 60 Conn., 448; *Brainard* v. *Staub*, 61 id., 570. And there is no adequate remedy to enforce this duty other than this writ. At least no other one has been suggested. An action on the case for damages, if that would lie, which is by no means certain, would not be an adequate remedy, for that would bring only pecuniary compensation, and the plaintiffs are entitled to have the very duty performed. *Fremont* v. *Crippen*, 10 Cal., 211; *In re Trustees of Williamsburgh*, 1 Barb., 34; *Etheridge* v. *Hall*, 7 Porter, (Ala.,) 47; *People* v. *Mayor*, 10 Wend., 395; *Hull* v. *Supervisors of Oneida*, 19 John., 259; *McCullough* v. *Mayor*, 23 Wend., 458; *People* v. *Taylor*, 1 Abb. Pr. N. S., 200; Spelling on Ex. Relief, § 1375. The equitable proceeding for specific performance obviously could not be brought, for that lies only where there is a contract obligation. It may be that an action in the nature of a bill in equity could be also maintained by one of the stockholders in behalf of the corporation, to compel the president

and secretary to perform the duties of their trust. Morawetz on Corporations, § 273. But the existence of an equitable remedy is never a bar to the issuing of a mandamus. Cook on Stock and Stockholders, § 593.

The by-laws of a corporation doubtless express—as does its charter—contract relations; but it is a contract between the corporation and each of the stockholders, and not one of the stockholders with one another. The officers and directors of a corporation hold a position of trust. Especially is this so as to officers who are chosen by the command of the statute. Section 1950 of the General Statutes requires all joint stock corporations to elect one of its directors to be the president, and also to elect a secretary; and although these officers are chosen by the corporation, their duties may be and often are prescribed by the general laws of the State. Duties so prescribed, when of a ministerial character, may always be enforced by mandamus.

The General Statutes, § 1945, after providing for the calling of the first meeting of a joint stock corporation by any two of the corporators, proceeds to declare that "a written or printed notice of each subsequent meeting of such corporation, specifying the place, day, and hour of such meeting, shall be given by the president or secretary to each stockholder, by leaving it with him, or at his residence or usual place of business, or by depositing it in some post-office for transmission by mail, postage paid, addressed to him at his last known place of residence, at least five days before said meeting." The by-laws of the Derby Rubber Company provide that the president or secretary shall give such notice of a special meeting at any time upon the written request of the holders of two hundred shares of the stock of the company.

The statute, by establishing the only mode in which special meetings may be called, makes it the imperative duty of the president or secretary to give the prescribed notice, whenever it is properly required. It is left to each corporation to determine for itself under what circumstances a special meeting is to be held. The by-law, which is relied

on in this case, gives the right to demand one to the holders of two hundred shares of stock. Upon such a demand, the duty imposed by the statute upon the president or secretary becomes an active one. It is a duty created by the laws of the State, and therefore properly enforceable by the courts of the State, although only called into exercise through the by-laws of the corporation. Morawetz on Corp., §§ 273, 491; Cook on Stock and Stockholders, § 593; *The People ex rel. Walker* v. *Board of Governors*, 61 Barb., 397; *Cummings* v. *Webster*, 43 Me., 192, 197; Potter on Corporations, §§ 72, 75; *McDermott* v. *Board of Police*, 25 Barb., 635; *People* v. *Cummings*, 72 N. Y., 433; *Mottu* v. *Primrose*, 23 Md., 482; 14 Amer. & Eng. Ency. of Law, 155; *Regina* v. *Aldham & The United Parishes Ins. Soc.*, 15 Jurist, 1035, 6 Eng. Law and Equity, 365.

We think the Superior Court erred in its judgment. Various other reasons were presented in the motion to quash. As these were not passed upon by the trial court we have not considered them. Leave to amend the alternative writ having been granted to the plaintiffs if they should see fit to do so, we suppose all ground for these reasons will be removed.

There is error, the judgment is set aside and the cause is remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred, except HAMERSLEY, J., who dissented.