JAMES E. BRENNAN *et al. vs.* EDWARD F. BUTLER *et al.*

PROVIDENCE—OCTOBER 19, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mandamus. Quo Warranto.*

*Mandamus* will not lie against a city committee of a political party organized under the provisions of Pub. Laws R. I. cap. 662, in favor of persons claiming membership in said committee, to compel the recognition of the petitioners as members. The granting of the petition would not of itself oust from office the persons acting as members in the place of the petitioners.

*Semble*, Gen. Laws R. I. cap. 263, gives the most appropriate and complete remedy in such case.

PETITION FOR WRIT OF MANDAMUS.     The petition sets forth that at a caucus for the election of a ward committee for the fifth ward of the city of Pawtucket, the petitioners received a majority of the ballots cast by the electors, as members of the ward committee as counted and announced by the warden, but that the warden refused to issue certificates of election; that upon a recount the petitioners were declared elected and certificates of election issued to them, by virtue of which they became members of the ward committee and also entitled to be members of the city committee, but that the respondents, the other duly-elected members of the city committee, refused to recognize the petitioners as members of said city committee, but recognized other persons as entitled to said offices.     The petitioners prayed that a writ of *mandamus* might issue commanding the respondents to recognize the petitioners as members of the said committees.     The respondents moved for the dismissal of the petition for various informalities, and because upon the allegations *mandamus* would not lie.     Heard on motion to dismiss, and petition dismissed.

(1)     PER CURIAM.     The court is of opinion that *mandamus* is not the proper remedy in this case.

The petition sets out that other persons are acting as members of the city committee of Pawtucket, the office to which the petitioners claim title, and the granting of this petition would not of itself oust them from office.     It would tend to even greater confusion.     The provisions of Gen. Laws cap. 263, give the most appropriate and complete remedy in such cases, and the proceedings should be in accordance therewith.

Petition dismissed.

*James E. Brennan and C. J. Farnsworth*, for petitioners.
*Dennis J. Holland*, for respondents.