## THE STATE EX REL. JULIA BERGER *vs.* ROBERT E. HURLEY ET AL.

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

Mandamus will not lie to control the judgment of a municipal board in a controversy in which the legal right of the relator is not manifest and clear.

The plaintiff sought to compel the board of building commissioners of Bridgeport to issue a permit to her to build in front of or beyond a building line which had existed for ten years or more with the acquiescence of all parties interested, claiming that the proceedings of the municipal authorities establishing such line were defective and void. *Held* that under these circumstances her right to a permit was open to grave doubt, and that for this reason a peremptory writ of mandamus ought not to issue.

Argued January 17th—decided February 12th, 1901.

APPLICATION for writ of mandamus requiring the building commissioners of the city of Bridgeport to issue a building permit, brought to the Court of Common Pleas in Fairfield county and reserved by that court, *Curtis, J.*, upon an agreed statement of facts, for the consideration and advice of this court. *Judgment advised for the respondents.*

The case is sufficiently stated in the opinion.

*William H. Comley, Jr.*, for the relator.

*Alfred B. Beers*, for the respondents.

ANDREWS, C. J. A writ of mandamus will not be issued to enforce the performance of a ministerial duty, unless (1) the party against whom the writ is sought be under an obligation imposed by law to perform some such duty, that is, a duty in respect to the performance of which he may not exercise any discretion; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other sufficient remedy. *Bassett* v. *Atwater*, 65 Conn. 355, 360.

The relator applied to the respondents for a permit to erect a frame building on Hancock Avenue in the city of Bridgeport, at a certain indicated place. The respondents replied to her application, saying, in brief, that there was a building line on Hancock Avenue, eight feet from the street line, established by the common council of the city; that her proposed location of a building was over that building line and upon the land between that line and the line of the street; that the charter of the city forbade any building to be erected at that place; and that therefore they refused the permit.

The record shows that certain proceedings were had by the common council of Bridgeport in the year 1889, which in point of form did establish a building line on Hancock Avenue, as stated in the return of the respondents; that the location proposed by the relator upon which she wished a permit to build was over said building line and up to the street line, and that the charter of the city forbids the respondents to issue a permit to build in such a place.

The contention of the relator is, not that such proceedings were not had, or such line established, nor that the charter does not contain such a provision as is just above indicated; but that the proceedings by which said line was claimed to be established were so defective that the line did not and does not bind anybody, but is wholly invalid and void.

These proceedings were had ten years ago and more. They have been duly on record all that time. The relator's predecessor in title did not complain or take an appeal, nor did any landowner on that street, or any one else. The line has been, so far as appears, recognized as a valid one and observed by all the inhabitants of the city.

This statement of the particulars of the case shows that at least two of the conditions, without which a mandamus should not be issued to the respondents, do not exist. The relator has not shown a clear legal right to have the duty performed. Her right to have a permit to build, such as she requested from the respondents, is open to very grave dispute. It may be she has no such right at all. The fact that the lines have remained unquestioned for ten years affords a presumption that the pro-

ceedings by which it was laid out were not invalid; and certainly the statement shows a case in which the respondents might exercise a discretion.

The relator asked the respondents to issue to her a building permit to erect a building on Hancock Avenue. The respondents declined to do so for the reason that there had been a building line established in that street to which her request did not conform. The relator says that that building line does not bind any one. She in effect asked the respondents to decide that the proceedings by which that line was pretended to be established were defective and void. But the so deciding would be the rendering of a particular judgment in a matter of controversy which could not be controlled by a mandamus. *American Casualty Ins. Co.* v. *Fyler*, 60 Conn. 448; *Freeman* v. *New Haven*, 34 id. 406, 415; *Decatur* v. *Paulding*, 14 Pet. 497; *United States* v. *Guthrie*, 17 How. 284; *Commissioner of Patents* v. *Whiteley*, 4 Wall. 522.

The Court of Common Pleas is advised to render judgment for the respondents, and to dismiss the application.

In this opinion the other judges concurred.