## The George S. Chatfield Company *vs.* Francis T. Reeves, Mayor.

Third Judicial District, Bridgeport, April Term, 1913.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

Mandamus is an extraordinary remedy, to be applied under exceptional conditions only, and is not to be extended beyond its well-established limits.

A writ of mandamus will not lie to enforce the performance of a ministerial duty, unless the applicant has no other adequate remedy, legal or equitable.

One who has sold and conveyed land to a city for a stated sum which is due and payable, has a complete and adequate remedy at law, and therefore cannot resort to mandamus to compel the mayor of the city to countersign an order drawn by the city clerk upon the city treasurer in payment for the land.

In this State a judgment creditor of a city or town may obtain satisfaction by levying his execution upon the private property of its inhabitants.

Argued April 8th—decided May 8th, 1913.

Alternative writ of mandamus requiring the respondent to countersign and deliver to the petitioner an order for $9,000, in payment for land purchased by the board of education of the city of Waterbury for school purposes, issued by and returnable to the Superior Court in New Haven County, where, upon a trial to the court, *Williams, J.*, the petitioner was nonsuited for having failed to make out a prima facie case, from which judgment it appealed. *No error.*

*Nathaniel R. Bronson* and *Lawrence L. Lewis,* for the appellant (petitioner).

*Francis P. Guilfoile,* for the appellee (respondent).

PRENTICE, C. J. The relator claims that the city of Waterbury owes it $9,000 for a tract of land sold and conveyed by it to the city. The charter of the city prescribes the method by which payments are to be made out of its treasury. The machinery thus provided includes the counter-signature by its mayor of an order drawn by the city clerk upon the city treasurer. It is charged that the defendant, as the city's mayor, in violation of his duty as such officer, neglected and refused to perform the ministerial duty of countersigning an order in favor of the relator for said sum of $9,000 duly and regularly prepared and presented to him for the payment of the relator's claim then due and payable, and the Superior Court is asked to issue its writ of mandamus to compel such counter-signature.

"The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." *Lahiff* v. *St. Joseph's Total Abstinence Soc.,* 76 Conn. 648, 651, 57 Atl. 692. "The essential conditions without which the writ will not be issued to enforce the performance of a ministerial duty are: (1) that the party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, that is, a duty in respect to the performance of which he may not exercise any discretion; (2) that the party applying for the writ has a clear legal right to have the duty performed; and (3) that there is no other sufficient remedy." *Bassett* v. *Atwater,* 65 Conn. 355, 360, 32 Atl. 937; *State ex rel. Berger* v. *Hurley,* 73 Conn. 536, 48 Atl. 215. The same principle is more succinctly

stated in *State* v. *New Haven & N. Co.*, 45 Conn. 331, 343, as follows: "The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy."

The existence of the conditions first enumerated in *Bassett* v. *Atwater*, as above recited, lead inevitably to the result that this relator is not entitled to the writ which he seeks, unless, among other things, the city, during the time of the mayor's neglect or refusal to countersign the order, was indebted to it for the amount named therein, and that it was entitled to have forthwith that amount from the city. Under such conditions, the relator would be in a position to successfully maintain a civil action for the recovery of the $9,000, and, judgment being entered therefor, to have an execution which he could satisfy by levying upon the private estate of any inhabitant of the city. *Beardsley* v. *Smith*, 16 Conn. 368, 380; *Union* v. *Crawford*, 19 Conn. 331, 333. Here was a remedy through a resort to ordinary legal proceedings. Was it adequate or sufficient within the meaning and application of the rule above quoted?

We have always recognized the extraordinary character of proceedings by mandamus, and that its use would be justified only when necessary to supplement the deficiencies of ordinary legal processes. *Bassett* v. *Atwater*, 65 Conn. 355, 360, 32 Atl. 937. We have consistently held to this rule, oft repeated and emphasized, and have applied it in both its letter and spirit. All attempts to appropriate it to use as an ordinary civil action have been steadily discountenanced. In this we have been less liberal in permitting its employment than have the courts in some jurisdictions. For instance, it is not uncommonly held elsewhere that the existence of adequate equitable remedy would not

prevent the issuance of the writ. *Brennan* v. *Butler*, 22 R. I. 228, 47 Atl. 320; *State ex rel. Wilson* v. *Longstreet*, 38 N. J. L. 312; *Baltimore University* v. *Colton*, 98 Md. 623, 57 Atl. 14; *State ex rel. Elliott* v. *Custer*, 11 Ind. 210. We have held otherwise, and confined the issuance of the writ to situations where the aggrieved party has adequate remedy neither at law nor in equity. *State ex rel. Howard* v. *Hartford Street Ry. Co.*, 76 Conn. 174, 184, 56 Atl. 506. So, again, we have held that mandamus will not lie where an action on the case will afford satisfaction equivalent to the specific relief claimed. *American Asylum* v. *Phœnix Bank*, 4 Conn. 172, 178.

"Adequate remedy at law means a remedy vested in the complainant, to which he may at all times resort, at his own option, fully and freely, without let or hindrance." *Atwood* v. *Partree*, 56 Conn. 80, 83, 14 Atl. 85; *Wheeler* v. *Bedford*, 54 Conn. 244, 249, 7 Atl.. 22. The relator's remedy by civil action is one at law, and it would result in his obtaining the identical relief he seeks, to wit, the recovery of the amount due him. No legal obstacle to obtaining it could be interposed which could not have been, and in fact was not, interposed in the present proceeding. The relator would not be relegated to an uncertain source of satisfaction. The immediate result of the litigation would, in fact, be more favorable to it, as it would secure not merely an order for money, which might be ignored, but a process which could be effectually used to obtain it. In both cases the existence of a present obligation would have to be shown. That shown, the relator's course in a civil action would be simple. The provisions of the city charter, regulating payments out of the treasury, prescribe several steps to be taken before the mayor is required to countersign an order. The obligation assumed in a mandamus proceeding to establish that

these have been regularly taken adds not a little to the relator's burden. We fail to discover any particular in which the remedy by an ordinary civil action is not as convenient, beneficial, and efficient as that which mandamus could afford. For this reason alone, the trial court was amply justified in denying the peremptory writ.

Substantially the same question here presented arose in *Colley* v. *Webster*, 59 Conn. 361, 20 Atl. 334, where a prosecuting agent sought the writ against a clerk of the police court to compel the payment of certain fees which had been refused. Among other reasons assigned for denying the writ was the fact that, if the agent was entitled to the fees, he had a good cause of action against the city therefor, and that, for that reason, he had adequate remedy by such action.

Counsel for the relator have referred us to a number of cases, and there are others to the same effect, which have held that the signature of a public officer to an order, warrant, or other paper calling for the payment of money may be compelled by mandamus. We do not question that this may be true under certain conditions. They have also pointed out to us a few cases which they claim support their position here. Upon their face they may appear to do so; but upon examination it will be found that they present conditions by no means analogous to those in the present case as bearing upon the matter of the alternative remedy.

*McCullough* v. *Mayor of Brooklyn*, 23 Wend. (N. Y.) 458, is one of the cases thus referred to. Upon examination it will be found that the only alternative remedy which the relator in that case had was an action against the officer for neglect of duty, with its uncertainty as to satisfaction of judgment. There was no right of action against the city. It was upon these grounds that the

court rested its conclusion that the relator had no other adequate remedy, and that, therefore, mandamus was an appropriate one. In the opinion appears the following language, often quoted and sometimes misconceived or misused, upon which, doubtless, counsel here rely: "Although, as a general rule, a mandamus will not lie where the party has another remedy, it is not universally true in relation to corporations and ministerial officers. Notwithstanding they may be liable in an action on the case for a neglect of duty, they may be compelled by mandamus to exercise their functions according to law." P. 461. It needs only a casual study of this language to discover that it furnishes no justification of the broad proposition that whenever a public corporation is indebted to a creditor mandamus will lie to compel its auditor, disbursing or other officer, whose duty it may be to draw, approve, or countersign an order, warrant, or check, or do any other ministerial act required of him by the prescribed procedure in the matter of payment, to perform that duty. The limitation of the doctrine of the case is clearly indicated in the passage cited, and unmistakably brought out in other portions of the opinion. Reference to other New York cases clearly discloses the distinction recognized in the *McCullough* case, places the doctrine of that jurisdiction beyond question, and manifests its complete harmony with our conclusion that, where there is direct and complete remedy by action against the municipality, mandamus will not lie. *People ex rel. Perkins* v. *Hawkins*, 46 N. Y. 9, 11; *People ex rel. Lunney* v. *Campbell*, 72 N. Y. 496, 498. The following language of the opinion in the first of the two cases last cited leaves no room for misunderstanding: "Nor will a mandamus lie, where the party has a plain legal remedy by action. . . . An action against public officers for neglecting to perform their duty, would not

be considered such a remedy as to supersede that by mandamus."

*State ex rel. Aherns* v. *Fielder,* 43 N. J. L. 400, is another case relied upon by counsel. There it was sought to compel a mayor to sign an order upon the treasurer for the payment of a claim against the city. It was said that the relator did not have adequate remedy by an action to recover the claim for the reason that, even though he could maintain an action against the city, a judgment thus obtained would not advance his claim beyond its present status. Such judgment, it was said, would fix the liability of the city and determine the amount due, which had already been done by city action, and the plain implication of the opinion is that it would accomplish nothing more. *State ex rel. Minneapolis Tribune Co.* v. *Ames,* 31 Minn. 440, 444, 18 N. W. 277, is a similar case, also referred to. It was there held that a city officer might be compelled to sign an order on the city treasurer for the payment of an obligation of the city. The court said that there was not adequate remedy by action to recover the claim, for the reason that upon the recovery of judgment it would be necessary for the relator to present its claim to the comptroller and the council and obtain an appropriation for its payment upon an order which must be signed by the defendant official, or to wait until a tax could be levied to pay it under a charter provision referred to. It is manifest that the relators in these two cases did not stand in the same position, with respect to their right to obtain satisfaction under a judgment against the city, as that in which this relator stands, and that the difference is a material one.

The opinion in *Apgar* v. *Trustees of School District No. 4,* 34 N. J. L. 308, when read by itself, has the appearance of giving more support to the relator's con-

tention than any other to which we have been referred. When, however, it is read in the light which the later case in the same jurisdiction already noticed sheds upon the position in which a judgment creditor, attempting to secure satisfaction of his judgment, is placed in that State, that support disappears.

There is also a class of cases where the claims were against the State, ordinarily not subject to suit. We have not examined all of them to determine whether among them may not be found one or more in jurisdictions where the State had subjected itself to suit. We are satisfied, however, that there are few, if any, such in the list.

The respondent asserts that the relator has failed to show either a clear right to receive the $9,000 from the city, or a duty upon the respondent in the prescribed course of procedure to countersign the order, and urges a variety of reasons for this contention.. In view of our conclusion already reached, we have no occasion to pass upon the correctness of it.

There is no error.

In this opinion the other judges concurred.