CATHERINE BASNEY *v.* LOUIS SACHS, COMPENSATION COMMISSIONER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 2—decided June 14, 1945.

*Morton E. Cole,* with whom, on the brief, was *Cyril Cole,* for the appellant (plaintiff).

*Bernard A. Kosicki,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

MALTBIE, C. J. The plaintiff, who had been receiving, under the Workmen's Compensation Act, pur-

suant to a voluntary agreement, compensation and medical and surgical advice from doctors furnished by her employer or its insurer, made a motion to the compensation commissioner asking that he order the doctors, the employer and its insurer to furnish the plaintiff's attorneys for her benefit "a complete medical report concerning the injuries sustained by the Claimant setting forth therein the injuries, diagnosis, treatment, X-ray findings, prognosis including estimated permanent total and partial disability if any, and stating the progress of the Claimant's condition with respect to said injuries." While it is not entirely clear from the allegations in the record that the commissioner made a definite ruling on the motion, the plaintiff's brief states that he denied it, and we shall proceed upon that basis. The plaintiff instituted this action of mandamus against the commissioner to compel him to make the order sought in the motion, and an alternative writ issued. To this the defendant addressed a motion to quash upon three grounds, the only one of which we need consider is that the plaintiff had adequate remedy by appeal under the Workmen's Compensation Act. The trial court granted the motion without memorandum and, upon the plaintiff's refusal to plead further, gave judgment for the defendant. The plaintiff has appealed.

Ordinarily, an award of a compensation commissioner involves a determination that, under the terms of the act, certain sums are to be paid to persons who have proved themselves entitled to receive them. *Morrill* v. *Hartford Painting & Decorating Co.*, 132 Conn. 169, 43 Atl. (2d) 74. It is, however, within the jurisdiction of a commissioner to determine that a claimant before him is entitled to certain relief of another nature than the payment of money, e. g., where he makes an order under the pro-

visions in § 5232 of the General Statutes, empowering him, when he finds good reason therefor, to authorize or direct a change in the physician or surgeon who is treating the employee or in the hospital service which is being rendered him. An order of such a nature is as truly an award as one requiring the payment of money, and from it an appeal might be taken to the Superior Court under the provisions of § 5252 of the General Statutes as amended by § 1614c of the Cumulative Supplement of 1935. So far as appears, the motion to the commissioner in this case was not made as an incident to any pending proceeding, but sought independent relief, and its denial was such a final determination of the right of the plaintiff to the relief sought as would permit an appeal. Conn. App. Proc., § 6. Had she appealed, she would have secured a determination whether or not she had a right to the information sought, and if her claim was upheld, she would have secured by the remand of the case to the commissioner everything she would gain as a result of this action.

Mandamus does not lie except where there is no other adequate remedy in the ordinary process of the law. *Bassett* v. *Atwater,* 65 Conn. 355, 360, 32 Atl. 937; *Chatfield Co.* v. *Reeves,* 87 Conn. 63, 86 Atl. 750. The plaintiff's remedy in this case by appeal to the Superior Court was adequate within this principle. *Telephone Association* v. *Telephone Co.,* 107 Kan. 169, 174, 190 Pac. 747; and see *State* v. *Erickson,* 104 Conn. 542, 549, 133 Atl. 683; *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 13, 37 Atl. (2d) 689. The trial court properly sustained the motion to quash upon the ground stated above. There was no justification for resorting to a proceeding by mandamus in which the employer and its insurer were not the defendants, but the compensation commissioner was, with the result

that the burden of opposing the plaintiff's claim fell upon the office of the attorney general.

Nothing we have said should be taken as determining the extent to which, if at all, an employee is entitled to receive information from physicians or surgeons employed by her employer of the nature of that sought in the plaintiff's motion, nor as to the authority of a workmen's compensation commissioner to make an order that it be furnished.

There is no error.

In this opinion the other judges concurred.