ROSE A. DELEGAIZO v. VEEDER-ROOT, INC., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 78164

Memorandum filed January 20, 1947.

*Cole & Cole,* of Hartford, for the Plaintiff.

*Campion & Watrous,* of Hartford, for the Defendants.

ALCORN, J. The appellant had received compensation to February 15, 1946, under a voluntary agreement approved by the compensation commissioner on February 16, 1946. On November 5, 1946, the appellant filed a written motion with the commissioner that the "Employer-Insurer-Respondents" furnish "a complete medical report of the Doctors who have treated the Claimant, or examined her, or have been consulted with, concerning the injuries sustained by the claimant setting forth therein the injuries, diagnosis, treatment, x-ray findings, prognosis including estimated permanent total and partial disability if any, and stating the progress of the Claimant's condition with respect to said injuries."

On November 7, 1946, the respondents answered the motion by filing with the commissioner a copy of a medical report furnished the appellant's attorneys. The report is on a printed form entitled, "Standard Form for Surgeon's Report Approved by I. A. I. A. B. C." and is dated December 20, 1945. It recites, in substance, that the appellant fell on December 10, 1945, sustained a contusion of the right flank and lost consciousness; that

she did not work on the 11th and fainted when she got out of bed on the 12th; that she was hospitalized for observation from December 12th to 22nd, 1945; that x-rays were taken which were negative; that she was not suffering from any cause other than this accident, the effects of which would not be permanent: and that she would be able to resume regular work in three to four weeks.

The commissioner ruled that this report complied with the statute and from that order this appeal is taken accompanied by a motion for judgment on the record. The respondents do not question the appellant's right to appeal, and the order is one from which an appeal will lie. *Basney* v. *Sachs,* 132 Conn. 207.

The issue is whether or not the report as given complies with the statute. The question is governed by an amendment to the Workmen's Compensation Act passed by the 1945 session of General Assembly and apparently not heretofore construed by the courts. It provides: "A medical report concerning such injured employee shall be furnished the employee or his attorney by the employer, at the request of the employee or his attorney." General Statutes, Sup. 1945, § 952h.

There is nothing abstruse about that language and it should receive a common-sense interpretation. *Faulkner* v. *Solazzi,* 79 Conn. 541, 547. ". . . all statutes whether remedial or penal should be construed according to the apparent intention of the legislature, to be gathered from the entire language used in connection with the subject and purpose of the law." *Bissell* v. *Beckwith,* 32 Conn. 509, 516. "The mischief which the statute was designed to remedy is an important guide in ascertaining its meaning." *National Fireproofing Co.* v. *Huntington,* 81 Conn. 632, 633.

This amendment was made to a statute (General Statutes, § 5232) which had for some time required an injured employee to notify his employer forthwith of an injury, and thereupon required the latter to furnish a physician, medical and surgical aid, and hospital service. An obvious reason for the amendment is to make available to the injured employee, under such circumstances, a medical report of his own case. This is a sensible requirement, since the employee is no less a patient merely because the physician is engaged by the employer. The employee, and not the employer, has the pain and discomfort and he should, on request, be entitled to a report of his case.

The primary consideration for the welfare of employees implicit in the construction uniformly given by our courts to the Workmen's Compensation Act comprehends the fact that insurers may be motivated by financial considerations rather than altruism. In this case the insurer argues that the employee has no more right to see its medical records than in an automobile liability case or in any other. That argument overlooks both the fact that a workmen's compensation case is in a class by itself and also the fact that this medical record is, in essence, the employee's and not the insurer's.

The record indicates that when this employee requested a medical report some nine months after compensation ceased, the insurer merely extracted from its files and supplied a copy of a report made to it ten days after the injury, while the employee was still in the hospital, and nearly two months before the injury ceased to be compensable. That is not what the statute contemplates. Neither does it contemplate the complete history and supporting data specified in appellant's motion.

What the statute does require is such a medical report as the ordinary doctor in charge of a case would furnish at the request of his patient concerning the diagnosis and prognosis, with such medical history as is reasonably incident to his conclusions. It should quite obviously be a report as of the date the request is made, or as of the last professional contact of the physician with the patient. If consultants, specialists, x-rays or other special features are involved in the case the results would necessarily be reflected in the conclusions expressed.

The case is remanded to the compensation commissioner with direction to order the respondent to furnish a medical report in accordance with this memorandum.