## WHITE OAK CORPORATION *v.* COMMISSIONER OF TRANSPORTATION ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 174691

Memorandum filed March 30, 1972

*Rogin, Nassau, Caplan, Lassman & Borden,* of Hartford, for the plaintiff.

*Robert K. Killian,* attorney general, and *Gerard John Dowling* and *William J. White,* assistant attorneys general, for the defendants.

Shea, J. In this action of mandamus the complaint alleges that the plaintiff contractor on January 7, 1972, fully completed its contract with the state of Connecticut for construction of a portion of interstate route 84 and that the project was ready for acceptance by the defendant commissioner of transportation. It is also alleged that the contract provided for acceptance of the job "when all construction work has been completed, the final inspection made by the Engineer and all documents required under the terms of the contract have been submitted by the Contractor to the satisfaction of the Engineer." The defendant comptroller of the state is alleged to be holding certain bonds, under the provisions of General Statutes § 3-112a, which represent the retainage due under the contract. The plaintiff claims a writ of mandamus to compel the commissioner of transportation to accept the contract and to require the comptroller to turn over the bonds.

The defendant has demurred to the complaint upon seven grounds, including the adequacy of other legal remedies.

"Mandamus, although it is an extraordinary legal remedy, is in the nature of an equitable interference supplementing the deficiencies of the common law. It will ordinarily be issued where a legal duty is established and no other sufficient means exist for enforcing it. When the object sought can be equally well obtained by other means, as by an action or by some other form of proceeding, then mandamus will not lie." *Bassett* v. *Atwater*, 65 Conn. 355, 360. The relief sought in this case is essentially the payment of the balance due under a contract, although it appears that the plaintiff has substituted certain bonds for the amount retained, pursuant to General Statutes § 3-112a. The complaint alleges no facts to indicate that an ordinary contract action against the

state, as authorized by General Statutes § 4-61, would not afford adequate relief. Indeed the complaint omits even a general allegation of the inadequacy of other remedies.

The court is unable to perceive any real distinction between this suit and any other action upon a contract where the plaintiff claims that it has been fully performed. Mandamus has been consistently refused where the duty to be enforced is the payment of money claimed to be due under a contract. *Chatfield* v. *Reeves,* 87 Conn. 63, 67; 2 Stephenson, Conn. Civ. Proc. (2d Ed.) § 261, p. 1078.

Unlike some other jurisdictions, the doctrine that mandamus does not lie where other adequate remedies exist has been rigidly adhered to in this state. *Basney* v. *Sachs,* 132 Conn. 207, 209; *Chatfield* v. *Reeves,* supra, 65.

Since this ground of the demurrer is sound, it is unnecessary to discuss the remaining grounds.

The demurrer is sustained.