BRUCE S. LEECH ET AL. *v.* RODERICK R. GAETZ ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 148778
AT BRIDGEPORT

Memorandum filed November 20, 1973

*Friedman & Friedman,* of Bridgeport, for the plaintiffs.

*Frederick F. Ehrsam,* of Bridgeport, for the defendants.

LEVINE, J. The plaintiffs have instituted a mandamus action to compel the issuance of a certificate of approval for their subdivision for failure to act within the sixty-five-day limit provided for in § 8-26 of the General Statutes. The portion of that statute as amended by Public Acts 1971, No. 862, § 9, which is pertinent to this case reads: "The [planning] commission shall approve, modify and approve, or disapprove any subdivision application or maps and plans submitted therewith within sixty-five days after the public hearing thereon or, if no public hearing is held, within sixty-five days after the submission thereof. . . . The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an

extension of time not to exceed a further period of sixty-five days may be had with the consent of the applicant." On August 3, 1972, the plaintiffs submitted an application for a subdivision, "Coventry Woods," a map of it, a road-grade map, and a profile and cross section, paid the fee therefor, and received a receipt. The subdivision was never assigned for public hearing, a discretionary matter. *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 674. Thereafter, the plaintiff Bruce S. Leech met with the planning and zoning commission on September 21, 1972, and October 5, 1972.

As a result of the September meeting, the plaintiffs' engineer and the commission's engineer met to investigate the design of the roadway. It had been noted at that meeting that the road through the subdivision was greater than 750 feet without a turnaround and that one dead-end street did not end in a turnaround as required by the regulations. It had been further discussed at that meeting that the block length shown on the map was greater than 1500 feet, contrary to the regulations. The chairman of the commission testified that at the September meeting certain engineering aspects were discussed, that everything appeared in good order to comply with the regulations, and that Leech left. The road problems were thereafter discovered, and the commission's engineer was asked to contact the plaintiffs' engineer to correct them. It was as a result of this that Leech came to the October meeting with his engineer.

At the October 5 meeting, with Leech, both engineers and the commission present, there was a discussion about the length of the road, its grades, sight distances, spurs and drainage, and many other complicated problems. The commission's engineer requested sight distances and cut and fill area

drawings which were never supplied. At the October 5 meeting, a waiver of the sixty-five-day period was executed by the parties. As a result of that meeting, Leech said he would try to get back with something to satisfy the commission for the November meeting. This was never done. All of the last-mentioned facts do not appear in the minutes of the commission's meetings; they were gleaned from the memories of the witnesses and the taped conversations of the meetings, although the minutes do indicate that the engineers would work out something.

The commission did not make a formal decision on the Leech application until, one hundred and twenty-five days after the submission and thirty days after the sixty-five-day period and the thirty-day extension thereof had expired, it voted to dis-approve the subdivision.

The plaintiffs claim that under § 8-26 of the General Statutes the commission must "approve, modify and approve, or disapprove" within sixty-five days and the agreed extension thereof, otherwise the subdivision is considered approved.

"Section 8-25 contains the standards within the framework of which the authority to adopt regulations is delegated to planning commissions. Section 8-26 provides for the manner in which subdivision plans shall be submitted to the commission. It requires that '[t]he commission shall approve, modify and approve, or disapprove any subdivision application or maps and plans submitted therewith within sixty days after the submission thereof. . . . [and that the] failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an extension of this period may be had with the consent of the applicant.' The obvious intention of the legislature in using

this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider. The language of the statute is mandatory." *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 543.

The defendants, comprising the commission, claim that the plaintiffs did not comply with the requirements of the application form with respect to an inset map, the contour map, profiles and cross section, and drainage and cite *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 406, 408, which is to the effect that a planning and zoning commission cannot waive the requirements of the ordinance pertaining to the manner of filing or submitting a map. The Supreme Court decided on that basis that the commission had good grounds for rejecting a map, and so the commission here would have had good grounds to reject the map and application if they did not meet its requirements. The commission, however, did not reject. It did raise certain objections to the plaintiffs' application, and the maps and documents accompanying it, at the October meeting—objections which indicated that the commission was not prepared to approve the submission at that point—and the issues raised in the main could have been the basis for a disapproval; however, as has been stated and as the evidence pointed out, the commission failed to take that action for one hundred and twenty-five days. It is quite possible that it relied on its belief that Leech had agreed to return with a modified application. Even with this belief, however, the commission was required to take the action provided for in the statute, which was mandatory, in accordance with *Finn* v. *Planning & Zoning Commission,* supra, within sixty-five days plus the agreed thirty-day extension. The case of *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* 152 Conn. 7, which the

defendants cite, is distinguishable on its facts, since there the plaintiff orally indicated a willingness to wait for the extension of sewers. Here, no willingness to wait was ever indicated in those words.

There remains the plaintiffs' right to a mandamus. An action for mandamus lies where the plaintiff has a clear legal right, there is a substantial matter involved, and there is no other adequate remedy. *Daly* v. *Dimock,* 55 Conn. 579, 590. " 'The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits.' *Lahiff* v. *St. Joseph's Total Abstinence Soc.,* 76 Conn. 648, 651 . . . . 'The essential conditions without which the writ will not be issued to enforce the performance of a ministerial duty are: (1) that the party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, that is, a duty in respect to the performance of which he may not exercise any discretion; (2) that the party applying for the writ has a clear legal right to have the duty performed; and (3) that there is no other sufficient remedy.' *Bassett* v. *Atwater,* 65 Conn. 355, 360 . . . ." *Chatfield Co.* v. *Reeves,* 87 Conn. 63, 64. Section 8-28 of the General Statutes, entitled, "Appeals," contains the following language in part: "In those situations where the approval of the planning commission must be inferred because of the failure of the commission to act on an application, any person aggrieved by such approval may appeal therefrom within twenty days after the expiration of the sixty-five-day period prescribed in section 8-26 for action by the commission to the court of common pleas . . . ."

It is clear from a reading of the statute that it is intended to provide an appeal for persons who were aggrieved by such inferred approval. The plaintiffs herein were not aggrieved persons by reason

of the inferred approval, since they had become successful applicants. Their problem arose from the failure of the commission to comply with their demand for the certificate of approval. Section 8-26 does not provide for an appeal in such a situation. It appears that the plaintiffs had "no other sufficient remedy" such as the right of appeal. See *Basney* v. *Sachs,* 132 Conn. 207, 209. As to the plaintiffs' clear legal right, *Finn* v. *Planning & Zoning Commission,* supra, the pertinent portion of which has hereinbefore been cited, is decisive; action on the part of the commission is mandatory, since the obvious intention of the legislature was to ensure prompt and expeditious action on subdivision applications, for the protection of the subdivider. If the application and the maps did not meet the requirements for approval, it would have been a simple matter to disapprove them. The commission was required to act on the documents submitted on August 3, 1972, within the statutory time limit of sixty-five days plus the thirty-day agreed extension thereof, and its failure to "approve, modify and approve, or disapprove" within that period of time inferred approval, entitling the plaintiffs to the issuance of the approval as requested by them in their letter of December 7, 1972. See *Scarsdale Meadows, Inc.* v. *Smith,* 20 App. Div. 2d 906 (N.Y.).

The plaintiffs have satisfied the allegations of their complaint and are entitled to receive the certificate of approval set forth in § 8-26 of the General Statutes from the defendant commission. The plaintiffs are entitled to a writ of mandamus, and the defendants are ordered to sign and issue the certificate of approval to which the plaintiffs were entitled on demand, after the expiration of the ninety-five-day period, on the failure of the defendant commission to take the required action in accordance with § 8-26.